# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT AUKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Civil Action No. 2: 14-cv-0179 |
| v. | ) |
| | ) United States District Judge |
| | ) Cathy Bissoon |
| JOHN E. WETZEL, Secretary for | ) |
| Pennsylvania Dept. of Corrections, et al., | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On August 26, 2014, Defendants Marie Balesterieri, James Barnacle, Scott Burris, Mark Capozza, Richard Ellers, Louis S. Folino, Robert Gilmore, David Grainey, Grego, Nedra J. Grego, Michael Guyton, Wayne Henry, Marilyn S. Rhome Jones, Legget, Maglet, Jeffrey Martin, John E. McAnany, Oddo, Christopher H. Oppman, Paul Palya, Jeffrey Rogers, Tracy Shawley, Shirley Moore Smeals, Dorina Varner, Irma Clish Vihlidal, John E. Wetzel, Lorinda Winfield, and Robert M. Wolff (the "DOC Defendants") have filed a Motion to Dismiss, with brief in support (ECF No. 96 and 97), in which they claim that the claims against the DOC Defendants should be dismissed in their entirety as the Complaint fails to state a denial of adequate medical care claim against them.

Likewise, on that same date, Defendants Dr. Jin, Dr. Park, Physician Assistant Jennifer Trimai, Renee Clites, and Marcy Duddy (the "Medical Defendants") have filed a Partial Motion to Dismiss, with brief in support (ECF Nos. 98 and 99), in which they claim that the claims in the Complaint against Defendants Physician Assistant Jennifer Trimai, Renee Clites, and Marcy Duddy should be dismissed as the Complaint fails to state a denial of adequate medical care

1

claim against these defendants.[1] Plaintiff was ordered to respond to the Motions to Dismiss by October 6, 2014 (ECF No. 102).

On September 16 and September 17, 2014, Plaintiff filed a "Notice to the Court," alleging, inter alia, that staff would not give him copies of his medical records and test results, and that they were engaging in various forms of retaliation, including denial of showers, destruction of legal papers, and denial of access to the courts. (ECF Nos. 105 and 106). He also filed an "Affidavit and Declaration" by inmate Harvey Miguel Robinson attesting to a conversation he overheard wherein one of the defendants threatening to interfere with Plaintiff's access to the court. (ECF No. 103). In response, the Court issued a text order warning: "Plaintiff has filed a number of "Notices" in this matter. Plaintiff is hereby advised that these Notices are not amendments to the complaint. If plaintiff desires to amend his complaint, he must file a motion for leave to amend in accordance with Fed.R.Civ.15(a). Signed by Magistrate Judge Cynthia Reed Eddy on 09/17/2014."

Shortly thereafter, the Court directed Clerk of Court to request a lawyer to represent the Plaintiff in this action. The case was placed on administrative suspense pending the appointment of counsel. (ECF No. 110). Despite the Court's efforts to find pro bono counsel for Plaintiff, it was unable to do so due to the declination of several attorneys to accept the representation. (ECF nos. 114, 122, and 124).[2]

---

[1] The Medical Defendants acknowledge that, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations of the Complaint, as pleaded, are likely sufficient for Mr. Auker to maintain deliberate indifference claims against Dr. Jin and Dr. Park.

[2] The court does not have the funds to hire counsel for Plaintiff, nor does it have the authority to force any counsel to represent Plaintiff pro bono. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Having already endeavored, unsuccessfully, to find a volunteer lawyer to represent Plaintiff in this matter, the Court will repeat that effort should this case proceed to trial.

On August 14, 2015, the Court issued an order reopening the case. (ECF No. 126). On that same date, Plaintiff was ordered to respond to the Motions to Dismiss which had been pending since August 26, 2014. (ECF No. 128). On August 25, 2015, Plaintiff requested an extension of time to file an Amended Complaint and requested that the Clerk of Court be required to provide Plaintiff will "all legal materials . . .to comply with reference issues in the preparation of briefing an Amended Complaint." Plaintiff also alleged that his "legal materials" were destroyed in part "while Plaintiff was held in SCI Green's Hole." (ECF No. 131). The Court ordered Defendants to respond and mailed copies of the Motions to Dismiss, supporting briefs and the docket sheet to Plaintiff. (ECF No. 132). Defendants responded that Plaintiff had not made any complaints of about missing or destroyed materials. (ECF Nos. 133 and 134). The Court then granted Plaintiff's request for an extension of time to respond to the Motions to Dismiss until October 9, 2015 and again mailed copies of the pending motions, briefs, and docket sheet to Plaintiff. (ECF 135).

On September 15, 2015, Plaintiff filed a "Response Motion to DOC Defendants' Response to Plaintiff's Motion to Produce." (ECF No. 137). Accusing DOC Defendants of intentionally misleading the Court and stating that he "requires production of all legal materials (by Defendants) for drafting "amended Complaint. Without, unable to draft responses which this Court Orders." Id. at 2. He further alleges that he has been "harassed, retaliated" by Defendants. Id. at 1. Plaintiff attached a "Notice to Court" as an exhibit to his response. (ECF 137-1). The "Notice to Court" is the same "Notice to Court" that Plaintiff fled on September 16, 2014. (ECF No. 105). Plaintiff does not specify what specific legal materials he needs to file a response or Amended Complaint.

3

As previously Ordered, Plaintiff has been given an opportunity to amend the complaint or to file responses to the Motions to Dismiss. The Court will give Plaintiff one **final** extension for this purpose mail the Complaint to Plaintiff for his use in doing so.

**AND NOW**, this 18th day of September, 2015:

**IT IS HEREBY ORDERED** that Plaintiff is given leave to file an amended complaint no later than **October 21, 2015**. The amended complaint must be prepared on the approved form and must include all defendants and all causes of action and must set forth clearly identified causes of action that both identify Plaintiff's legal theories and facts suggestive of the proscribed conduct alleged in one stand-alone document without reference to any other document filed in this case. *See* Fed. R. Civ. P. 8. <u>Plaintiff is cautioned that the opportunity to file an amended complaint is not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint.</u>

**IT IS FURTHER ORDERED** that if Plaintiff does not choose to file an amended complaint, he **SHALL** file a response in opposition to Defendants' Motions to Dismiss, no later than **October 21, 2015**. <u>**The filing of a response instead of an amended complaint will serve as notice to the District Court that Plaintiff is asserting his intent to stand on the original Complaint filed in this action. Per Judge Eddy's Chambers Rules, there is a page limitation of twenty (20) pages for all responsive briefs.**</u>

**IT IS FURTHER ORDERED,** even though Plaintiff is not required to do so in response

4

to a Motion to Dismiss, to the extent that Plaintiff wishes to make a reference to a document or legal material in his Response or Amended Complaint, he may describe that document with as much particularity as he is able and the Court will take notice of the document to the extent the document is of public record or within the business records of any of the Defendants.

**IT IS FURTHER ORDERED** that Defendants, if they so choose, they may file a reply to Plaintiff's response on before **November 4, 2015.**

**IT IS FURTHER ORDERED** <u>that should Plaintiff fail to comply with this Order, the Motions to Dismiss may be decided without the benefit of Plaintiff's responses.</u>

**IT IS HEREBY ORDERED** Plaintiff's Motion for Production of All Legal Materials (ECF No. 131) is **GRANTED in part** and that on or before **September 28, 2015**, <u>**Defendants**</u> shall provide copies of any discovery <u>that they have previously provided to Plaintiff</u> during the course of this litigation, including the preliminary injunction proceedings and/or as attachments to a Motion to Dismiss, and documents, if any, that they make reference to in their Motions to Dismiss.

**IT IS FURTHER ORDERED** that Defendants shall file a Notice of Compliance with this Order on or before **September 29, 2015**.

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: ROBERT AUKER
BK-1943
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510-0001
(via U.S. First Class Mail)

Yana L. Warshafsky

Office of the Attorney General
(via ECF electronic notification)


Matthew R. Zwick
Weber Gallagher Simpson Stapleton Fires & Newby LLP
(via ECF electronic notification)

Samuel H. Foreman
Weber Gallagher Simpson Stapleton Fires & Newby
(via ECF electronic notification)

Kathryn M. Kenyon
Meyer, Unkovic & Scott LLP
(via ECF electronic notification)