# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT AUKER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Civil Action No. 2: 14-cv-0179 |
| v. | ) | United States District Judge |
| | ) | Cathy Bissoon |
| JOHN E. WETZEL, Secretary for | ) | |
| Pennsylvania Dept of Corrections, et al., | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Partial Dismissal of Plaintiff's Amended Complaint filed by Defendants Jennifer Trimai PA/NP and Renee Clites be denied.

### II. REPORT

#### A. *Procedural History*

Plaintiff, Robert Auker, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint and an application for leave to proceed *in forma pauperis*. Although Plaintiff is currently incarcerated at the State Correctional Institution ("SCI") at Somerset, he is complaining about events that happened while he was housed at SCI-Greene. Plaintiff claims that he suffers from multiple disabilities, including Multiple Sclerosis and other "fast-deteriorating spinal conditions" and describes himself as a "wheelchair-using paraplegic." He takes issue with the care and treatment provided to him by the medical department and other staff at SCI-Greene. Plaintiff contends that Defendants acted deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

1

In particular, Plaintiff alleges that Defendant Trimai failed to reissue a wheelchair for him and denied his request to be reexamined by neurologist Tatyanna Goldman, M.D. As to Defendant Clites, Plaintiff alleges that she failed or refused to replace his sagging wheelchair seat and repair various other problems with his wheelchair.

Defendants Jennifer Trimai PA/NP and Renee Clites have filed a motion to dismiss, with brief in support (ECF Nos. 190 and 191, respectively), to which Plaintiff has filed a response in opposition (ECF No. 194). The matter is now ripe for consideration.

B. *Standard of Review*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v.*

2

*Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

C.     *Discussion*

"The failure to provide a wheelchair for an inmate may constitute deliberate indifference to a serious medical need in some circumstances." *Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995). Plaintiff alleges that due to "paresis of legs, weak legs / neck & back muscles" he is unable to walk and requires the use of a wheelchair. He claims that Defendants Trimai and Clities knew of his serious medical needs, yet failed to provide him with a wheelchair and/or refused to make necessary repairs to his wheelchair and failed to refer him to a neurologist.

Defendants argue that they were not deliberately indifferent to Plaintiff's serious medical needs, but rather that Plaintiff simply disagreed with their decisions. Defendant Trimai argues that Plaintiff's request for a wheelchair and to be seen by a specialist were denied because both were deemed medically necessary. Similarly, Defendant Clites argues that she examined Plaintiff's wheelchair and determined that the only necessary repair was the replacement of the leg braces, which were then replaced. Defendant Clites determined that no other wheelchair repairs were needed.

If the evidence establishes that Defendants Trimai and/or Clites unnecessarily denied Plaintiff a wheelchair, or refused to make necessary repairs to his wheelchair when he lacked mobility without it, or improperly refused to send him to a specialist, a reasonable trier of find could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs. But Plaintiff is cautioned that the mere disagreement with the course of medical treatment does not state a viable claim for relief. *Spruill v. Gillis*, 373 F.3d 218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). The Court recognizes that discovery may well reveal that the alleged conduct of Defendants Trimai and Clites does not give rise to a deliberate indifference claim, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. The Court finds that Plaintiff has alleged enough to create plausible deliberate indifference claims against Defendants Trimai and Clites that should be allowed to continue beyond the defendants' motion to dismiss.

## III. CONCLUSION

For the reasons stated above, it is recommended that the Partial Motion to Dismiss filed by Defendants Trimai and Clites be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until May 27, 2014, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v.*

*Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

                                <u>s/ Cynthia Reed Eddy</u>
                                Cynthia Reed Eddy
                                United States Magistrate Judge

Dated: September 6, 2016

cc:    ROBERT AUKER
       BK-1943
       SCI Somerset
       1600 Walters Mill Road
       Somerset, PA 15510
       (via U.S. First Class Mail)

       Yana L. Warshafsky
       Office of the Attorney General
       (via ECF electronic notification)

       Kathryn M. Kenyon
       Meyer, Unkovic & Scott LLP
       (via ECF electronic notification)

       Meghan K. Adkins
       Weber Gallagher Simpson Stapleton Fires & Newby LLP
       (via ECF electronic notification)

       Samuel H. Foreman
       Weber Gallagher Simpson Stapleton Fires & Newby
       (via ECF electronic notification)