IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT AUKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-179 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JOHN E. WETZEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AS TO INDEPENDENT MEDICAL EVALUATION

So that the Court will have a reliable basis on which to provide or deny Plaintiff's requested accommodations at trial, the Court hereby ORDERS that the parties shall file respective nominations or a joint stipulation as to medical experts to evaluate Plaintiff's abilities to speak and hear on or before **August 23, 2018**.

\* \* \*

On June 4, 2018, the Court ordered Plaintiff's counsel to provide instructions to defense counsel and the Court concerning any necessary accommodations for Plaintiff, (Doc. 316), based on Plaintiff's asserted disabilities, (see Doc. 296). The Court also ordered that Plaintiff's counsel provide any medical information supporting the need for accommodations, and the Court notified the parties that it reserved the right under its inherent authority to appoint an expert to aid in the just disposition of this case if supporting medical information did not exist, Abdul-Jabbar v. West, 2007 U.S. Dist. LEXIS 17211, at \*9-\*10 (W.D.N.Y. Mar. 8, 2007) (court has inherent power to appoint physician to conduct examination under proper circumstances); see Motto v. Union City, 177 F.R.D. 308, 309 (D.N.J. 1998) (Hedges, M.J.) (court may deny requested accommodations due to undue financial or administrative burden). (Doc. 316.)

On June 29, 2018, in accordance with the Court's order, Plaintiff's counsel filed a Notice Regarding Plaintiff's Need for Accommodations (Doc. 319) at his deposition and at trial.  This Notice informed the Court that Plaintiff, Robert Auker ("Mr. Auker") "asserts that he is both entirely deaf and mute." (Id. at 1.)  As to requested accommodations for Mr. Auker at trial, Plaintiff's counsel informed the Court that he would "coordinate with the Court reporter concerning the use of LiveNote or similar software to allow Plaintiff to read, in real time, statements made in open court on a computer monitor." (Id. at 2.)  As to supporting medical information, counsel stated that Mr. Auker advised him of an audiologist's evaluation in May 2018 that allegedly confirmed Mr. Auker's deafness, and the parties are now seeking copies of the evaluation report. (Id.)

However, counsel has not yet provided any medical records or affidavits of medical experts concerning Plaintiff's asserted deafness, nor has counsel provided any medical information concerning Plaintiff's ability to speak.  As Plaintiff maintains that he has never been medically evaluated for muteness, Plaintiff's counsel has no objection to an independent medical examination to determine Mr. Auker's ability to speak. (Id.)

Given the lack of reliable medical information available to the Court concerning Plaintiff's asserted disabilities, and given the expense and potential inconvenience to the Court associated with accommodating Plaintiff's asserted disabilities at trial, the Court finds that an Independent Medical Evaluation is necessary to determine Plaintiff's abilities to hear and speak at trial.

Accordingly, after the parties have filed their respective nominations, or a joint stipulation, concerning medical experts, which shall be filed no later than August 23, 2018, the

Court will issue an order appointing an expert, or experts, to evaluate the extent to which Plaintiff can hear and speak. That order will specify the details and timing of the evaluation.

    IT IS SO ORDERED.

July 9, 2018                                            <u>s\Cathy Bissoon</u>
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Robert Auker, BK-1943
SCI Laurel Highlands
5706 Glades Pike
Somerset, PA 15501-0631