# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT AUKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-179 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| B. JIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Robert Auker ("Plaintiff"), proceeding *pro se*, filed a motion ("Motion," Doc. 405), which requests that the Court take several actions based on allegations of misconduct against Kathryn M. Kenyon, counsel for Defendants ("Counsel"). For the reasons below, the Court will deny Plaintiff's requests.

Plaintiff's allegations against Counsel consist of claims that her filings contain falsehoods and omissions and a claim that she withheld certain materials from discovery. Specifically, he claims that the following statements made by Counsel were false: "In reports to outside medical providers, Mr. Auker claimed he was living in Florida and California and getting diagnosed with MS in 1980 and 1981 yet his criminal history places him in and around Montour County, Pennsylvania at the same window of time," (Defendants' Response and Opposition to Plaintiff's Motion in Limine Regarding Prior Convictions 2, Doc. 380); and "he was charged and convicted with theft by deception for forging his wife's name on hospital records to obtain health insurance coverage," (id. at 1-2). (Motion 1-3.) He also claims that Counsel "intentionally withheld from the Court, to intentionally mislead the Court" certain facts concerning the circumstances of his history of misconduct in prison, such as lies that prison guards allegedly told in the context of misconduct proceedings. (Motion 4.) Plaintiff adds that Counsel "withheld Jin's paperwork via

1

Discovery for MRI and EMG transport orders, per Byunghak Jin, MD, and other prison officials['] approval required for ordering special transport methods of medical transport via 'Wheelchair Ambulances.'" (Motion 5.)

Given these allegations, Plaintiff requests that the Court refer Counsel to disciplinary proceedings, order her to withdraw pending disciplinary review, and deny her motions. (Id.)

With regard to referrals for disciplinary proceedings, Local Rule 83.3.B.1 states, in relevant part:

> When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before this Court shall come to the attention of a District Judge or Magistrate Judge of this Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these rules, . . . the Chief Judge shall in his or her discretion and with prior agreement of the Disciplinary Board of the Supreme Court of Pennsylvania appoint as counsel attorneys serving in the Office of Disciplinary Counsel of the Disciplinary Board or one or more members of the bar of this Court to investigate allegations of misconduct or to prosecute disciplinary proceedings under these rules.

Under this Rule, any allegations of misconduct, if true, must warrant discipline in order for a referral to be appropriate. Kaymark v. Udren Law Offices, 2019 U.S. Dist. LEXIS 43464, at *1 (W.D. Pa. Mar. 13, 2019). Additionally, given the need for an allegation to be "substantiated" during a future disciplinary process, the Court may assess the plausibility of allegations before initiating a disciplinary referral. See Farkas v. Rich Coast Corp., 2014 U.S. Dist. LEXIS 16696, at *4 (W.D. Pa. Feb. 11, 2014) ("Judge Lenihan found that the matters raised by [the attorney requesting a disciplinary referral] were in the nature of a dispute about the interpretation of the evidence and specifically concluded that [his] allegations would not warrant discipline because [the attorneys against whom he sought disciplinary action] made no misrepresentations of fact to the court, and did not defraud or distract the court." (quoting the Chief Judge's remarks entered in Civil Action No. 13-926 on Jan. 27, 2014)).

The Court finds that each one of Plaintiff's allegations either fails to state conduct that, if true, would warrant discipline, or fails to state conduct that meets a threshold level of plausibility.

Two of Plaintiff's claims would not warrant discipline, even if true. As to Plaintiff's allegation concerning Counsel's statement about his previous places of residency, this claim is merely a dispute about the interpretation of evidence and would not warrant discipline. In other words, if Counsel were to be wrong about the meaning or significance of Plaintiff's prior statements concerning his residency, there would be no grounds for discipline. This is also the case with Plaintiff's allegation concerning Counsel's statement about forgery, and whether forgery was the basis for one of Plaintiff's prior criminal convictions; that dispute concerns the interpretation of Plaintiff's criminal record.

Plaintiff's remaining two claims fail to reach a threshold level of plausibility. As to Plaintiff's claim that Counsel failed to inform the Court that prison guards lied about his conduct in prison, and that his misconduct hearings were deficient—even assuming that the underlying allegations are true—Plaintiff has no basis on which to conclude that Counsel knew those facts to be true. Plaintiff's raw assertion that Counsel sought to mislead the Court by excluding those facts does nothing to establish Counsel's reason to know of them. As to Plaintiff's last claim, that Counsel intentionally failed to disclose relevant materials in discovery, the appropriate vehicle for such a claim would have been a discovery motion. Plaintiff has had many opportunities to file discovery motions, and he has successfully availed himself of those opportunities at times. (See, e.g., December 12, 2016 Text Order, Doc. 211 ("Plaintiff began receiving discovery in this case on September 28, 2015 . . . Plaintiff has requested and the Court has granted multiple discovery motions by Plaintiff."); May 29, 2018 Text Order, Doc. 314 ("As

3

discussed at today's Status Conference, fact discovery is reopened and the parties shall complete fact discovery on or before August 27, 2018.").) However, discovery has long been closed, and this case has settled. And again, Plaintiff has no basis on which to conclude that Counsel intentionally withheld information that was requested.[1] Under the circumstances of this case, the Court finds that Plaintiff's attempt to cast an untimely discovery request as a misconduct allegation cannot succeed under any meaningful plausibility threshold for attorney misconduct.

Finally, as to Plaintiff's request to deny Defendants' motions, the Court reminds Plaintiff that this case has been settled and that there are no pending defense motions.

Accordingly, Plaintiff's requests contained in his Motion (Doc. 405) are DENIED.

IT IS SO ORDERED.

April 18, 2019                                         s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

ROBERT AUKER
BK-1943
SCI Phoenix
PO Box 244
Collegeville, PA 19426-0244

---

[1] Plaintiff does not allege that he requested the materials that form the basis of this misconduct allegation.

4